JUSTICE COTTER
concurring and dissenting.
¶70 I concur in the Court’s disposition of Issues Two through Five, but dissent from the Court’s resolution of Issue One.
¶71 The Court concludes that Pannoni had the burden of proving that he was capable of performing the essential job function of teaching, with or without reasonable accommodation, and that he had failed to prove the premise. ¶¶ 31-33. I believe that the agency, the district court, and this Court misinterpreted and then applied the wrong legal standard of proof, and that had the correct legal standard been applied, additional and important considerations would have come into play, perhaps resulting in a different outcome.
¶72 In Humphrey v. Memorial Hospital’s Association, the Ninth Circuit held that if a reasonable accommodation is available to an employer which might “plausibly” enable a handicapped employee to adequately perform his job, an employer may be liable for failing to attempt it. Humphrey, 239 F.3d at 1135-36. The court further held that a leave of absence for medical treatment may be a reasonable accommodation under the ADA. Id. This “plausibility standard,” embraced in several state and federal decisions, was subsequently adopted by the United States Supreme Court in the case of U.S. Airways, Inc. v. Barnett (2002), 535 U.S. 391, 122 S.Ct. 1516.
¶73 Had the “plausibility” standard been applied, Pannoni would have been required to show that it was plausible to believe that the six-week extension of his unpaid leave of absence (through the end of the May 2000 school year) which he sought, would have allowed him to perform the essential functions of his job beginning the following school year. Rather than apply this standard, however, the hearing examiner essentially required Pannoni to prove that it was more likely than not that the requested accommodation would have been successful, in order for it to be demonstrated as reasonable. The difference is more than semantic. As the Second Circuit put it in Borkowski v. Valley Cent. Sch. Dist. (2d Cir. 1995), 63 F.3d 131, 138:
As to the requirement that an accommodation be reasonable, we *331 have held that the plaintiff bears only a burden of production. This burden, we have said, is not a heavy one. It is enough for the plaintiff to suggest the existence of a plausible accommodation, the costs of which, facially, do not clearly exceed its benefits. Once the plaintiff has done this, she has made out a prima facie showing that a reasonable accommodation is available, and the risk of nonpersuasion falls on the defendant.
(Internal citations omitted.)
¶74 The agency and the Court have, in my judgment, imposed too heavy a burden on Pannoni. The Court states that he had to demonstrate that with an extended leave, he could perform the essential job functions. ¶ 35. In other words, he had to prove-on the front end-that the six-week leave he requested would enable him to teach unimpaired in the fall. Under the facts of this case, such a burden was virtually impossible to carry. Had the “plausibility standard” been applied, with the obligation shifting to the school district to show that the leave would have imposed an undue hardship, the burden would at least have been shared by both parties. This more balanced approach to the reasonable accommodation question is what was intended by the Borkowski, Kimbro, and Humphrey courts, and adopted by the United States Supreme Court in U.S. Airways v. Barnett. I believe we have erred in not applying it here.
¶75 I would remand for a decision from the agency in accordance with the “plausibility standard” adopted by the Ninth Circuit and the Unites States Supreme Court. In this connection, the question before the agency would be whether Pannoni had demonstrated that it was plausible to believe that a six week extension of his unpaid leave of absence would have allowed him to perform the essential functions of his job beginning the following school year. Presuming he could do so, the burden would then shift to the employer to demonstrate that extending the leave of absence for an additional six weeks, through the end of the May 2000 school year, would have imposed an undue hardship on school operations. I dissent from our refusal to do so.
JUSTICE REGNIER joins in the concurrence and dissent of JUSTICE COTTER.